**ORIGINAL**

**FILED**

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0247

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 19-0247

STATE OF MONTANA,

  Plaintiff and Appellee,

v.

ROBERT MATHEW HOLGUIN, JR.,

  Defendant and Appellant.

**FILED**

MAR 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

On December 28, 2021, Caitlin Boland Aarab, appointed counsel for Appellant Robert Mathew Holguin, Jr., filed a motion and brief asking to be allowed to withdraw from this appeal. Aarab asserted that she had identified a potentially meritorious appealable issue but Holguin had asserted he did not wish to pursue an appeal on those grounds. She further asserted that although Holguin identified arguments he wished her to make to the Court, she refused to do so because in her professional opinion they were frivolous.

In addition to her motion to withdraw, Aarab supplied a copy of the Opening Brief she had prepared that raised the issue Holguin did not wish to pursue on appeal. This Court granted Aarab's motion to withdraw and further ordered that the Clerk of Court file the Opening Brief Aarab had prepared.

Holguin, representing himself, filed an objection to this Court's acceptance of the Opening Brief. We found Holguin's objection well-taken and ordered the Opening Brief withdrawn and stricken from the record. We further ordered that Holguin could proceed with his appeal on his own behalf, with private counsel, or with appointed counsel if the Appellate Defender Division (ADD) determined that new counsel is warranted.

Relying on *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983), Appellate Defender Chad Wright moves to withdraw ADD from representation. He argues

that an appointed appellate counsel controls the manner and scope of issues presented, and that such counsel has no obligation to present frivolous issues over meritorious issues even if the defendant so demands. Wright asserts that in this instance, Aarab identified a potentially meritorious issue and used her expertise to provide Holguin with effective assistance of counsel. Wright argues that Aarab had no obligation to elevate Holguin's preferred issues, which she concluded were frivolous, over this potentially meritorious issue. Wright moves the Court to permit ADD to withdraw as counsel of record and to grant Holguin leave to pursue his appeal either on his own behalf or with private counsel.

Holguin, representing himself, objects to ADD's motion to withdraw. He asserts that he recognizes he is not entitled to choose his counsel, but he is dissatisfied that Aarab refused to raise issues which Holguin believes are not frivolous. He further asserts that the issues he wishes to raise on appeal were preserved via objections made by his trial counsel, and the fact that trial counsel saw fit to object to such matters indicate that they are not frivolous. Holguin states that he lacks the ability to represent himself on appeal as he lacks the knowledge required to effectively advocate on his own behalf. Relying on *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), Holguin argues that appellate counsel is obligated to support a client's appeal to the best of counsel's ability. As *Anders* requires, "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. He alleges that Aarab failed to do so in this case.

We note that the situation that Aarab faced in this case was not extraordinary. On occasion, appellants inform their appointed counsel that they do not wish to pursue an appeal on the grounds appellate counsel identified as being the most supportable appealable issue. And in those cases, as here, the appellant defendants urge their respective counsel to instead pursue those appeals on grounds that counsel believes are frivolous. In those cases, however, appellate counsel have filed *Anders* briefs, setting forth the issue counsel would pursue but cannot at their client's request, and further setting forth the issues they

2

or their client have identified but which counsel believes are frivolous.[1] Thus this Court, consistent with *Anders* and § 46-8-103, MCA, independently examines the record to determine if counsel should be allowed to withdraw. In this instance, for reasons not apparent to this Court, counsel chose not to do so, instead requesting that the Court accept an Opening Brief to which Holguin then vehemently objected, compelling us to strike it from the record.

As this case now stands, we have no brief on Holguin's behalf that would allow us to decide his appeal on the merits. We would abrogate Holguin's right to have this Court make a "full examination of all the proceedings[] to decide if the case is wholly frivolous" and this Court would not have the benefit of "the ready references not only to the record, but also to the legal authorities as furnished it by counsel," if ADD withdraws without filing an *Anders* brief. *Anders*, 386 U.S. at 744-45, 87 S. Ct. at 1400.

Therefore,

IT IS HEREBY ORDERED that Appellate Defender Division's Motion to Withdraw is DENIED.

IT IS FURTHER ORDERED that an Opening Brief or *Anders* Brief is due no later than May 11, 2022.

The Clerk is directed to provide a copy of this Order to Appellant personally, the Appellate Defender Division, and to all parties of record.

DATED this 15 day of March, 2022.

For the Court,

_____
Chief Justice

---

[1] See, for example, *Anders* Brief of Appellant, *State v. Collins* (Oct. 22, 2018) (No. DA 17-0528); *Anders* Brief of Appellant, *State v. Parker* (Nov. 28, 2018) (No. DA 17-0399); *Anders* Brief of Appellant, *State v. Rood* (July 15, 2019) (No. DA 17-0605); *Anders* Brief of Appellant, *State v. Orton* (Mar. 19, 2020) (No. DA 18-0591).

3